IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:07-HC-2131-H

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| RICHARD JOHN GRIFFIS, | ) | |
| | ) | |
| Respondent. | ) | |

This case comes before the court on the consent of respondent to be committed as a sexually dangerous person pursuant to 18 U.S.C. § 4248. Respondent, through counsel, expressed his consent to commitment at a status conference on 27 May 2011 (*see* D.E. 50). At the court's direction, the parties subsequently filed a joint proposal (D.E. 53) for determination by the court whether it should accept respondent's consent. Today, in accordance with the referral of the presiding Senior District Judge (*see* D.E. 55) and the written consent of the parties (D.E. 57), the undersigned conducted a hearing to make this determination. Respondent was present, along with his counsel and counsel for the government. The parties submitted in open court a Stipulation of Facts (D.E. 58) providing the purported factual basis for respondent's consent to commitment and confirming his "voluntary entry into civil commitment." (Stip. 2). At the hearing, the court confirmed through direct questioning of respondent under oath and, where appropriate, questioning of counsel, the following matters, among others: respondent's competence to proceed with the hearing on his consent to commitment; his understanding of his right to a commitment hearing under 18 U.S.C. § 4247(d) and the consequences of commitment; his understanding of and agreement to the Stipulation of Facts; his satisfaction with the services his counsel has provided him; the absence of any promise or

assurance to respondent to induce him to agree to commitment; the absence of any attempt to force him to agree to commitment; and the existence of an independent basis in fact for respondent's consent to commitment, as set forth in the Stipulation of Facts.

Based on the proceedings at the hearing, the court FINDS that respondent is fully competent to consent to commitment under 18 U.S.C. § 4248; he is aware of the nature of commitment under 18 U.S.C. § 4248 and the consequences thereof; he knowingly and voluntarily consents to commitment under 18 U.S.C. § 4248, for which there exists an independent basis in fact containing each of the essential elements for commitment under 18 U.S.C. § 4248; and respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5) and (6).

IT IS THEREFORE RECOMMENDED that the court enter an order providing as follows:

1. Respondent knowingly and voluntarily consents to commitment under 18 U.S.C. § 4248, for which there exists an independent basis in fact containing each of the essential elements for commitment under 18 U.S.C. § 4248.

2. Respondent is a sexually dangerous person within the meaning of 18 U.S.C. § 4247(a)(5) and (6).

3. Respondent is hereby COMMITTED to the custody of the United States Attorney General as a sexually dangerous person pursuant to 18 U.S.C. § 4248(d).

IT IS ORDERED that the Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have until 16 September 2011 to file written objections. Failure to file timely written objections bars an aggrieved party from receiving a de novo review by the District Judge on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and

legal conclusions accepted by the District Judge. Any response to objections is due no later than seven days after the filing of objections, but in no event later than 23 September 2011.

This, the 9 day of September 2011.

/s/ James E. Gates
James E. Gates
United States Magistrate Judge